United States District Court
Southern District of Texas
**ENTERED**
October 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OPF ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-01835 |
| | § | |
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

The Court held a hearing on Defendant Evanston Insurance Company's Motion to Dismiss and Motion for Judgment on the Pleadings (Doc. 11) on October 6, 2021. At that hearing, the Court ruled from the bench. The Court provides this Memorandum and Order to further document its rulings and reasoning.

### I.   BACKGROUND

The basic facts are not in dispute. Originally, OPF bought two insurance policies—the "2016 Policy" and the "2017 Policy"—from Evanston. (Doc. 1 at 2.) In April 2017, OPF received a demand letter from the Apache Corporation. (*Id.*) Apache alleged that OPF had provided it with contaminated proppant that had seriously damaged its equipment.[1]  (*Id.* at 2–3.) In response, OPF requested coverage from Evanston under the insurance policies. (*Id.* at 3.) Evanston refused to provide coverage. (*Id.*) Evanston also filed a lawsuit under the Federal Declaratory Judgment Act seeking a declaratory judgment that it owed OPF nothing under the policies. *Evanston Ins. Co. v.*

---

[1] Proppant is a solid material—often derived from sand or ceramics—that is pumped into hydraulically-fractured fissures to maintain the flow of oil or gas in a well. Feng Liang, et al., *A comprehensive review on proppant technologies*, 2 Petroleum 26, 26–27 (2016).

*OPF Enterprises, L.L.C.*, No. 4:17-CV-2048, 2020 WL 762427 (S.D. Tex. Feb. 13, 2020). The lawsuit—which was referred to a magistrate judge—did not go Evanston's way. The magistrate judge granted summary judgment to OPF, holding that "OPF provided notice sufficient to trigger coverage" under the 2016 Policy. *Id.* at *1. The Fifth Circuit affirmed. *Evanston Ins. Co. v. OPF Enterprises, L.L.C.*, 826 F. App'x 327, 331 (5th Cir. 2020).

During the original action, OPF sought attorneys' fees under Texas Civil Practice and Remedies Code § 38.001(8). (4:17-cv-02048, Doc. 60.) The magistrate judge, however, ruled that the action in question was solely a declaratory judgment action, so "no breach of contract claim was ever asserted by either party." (*Id.*) Consequently, the magistrate judge reasoned that OPF was not a prevailing party within the meaning of § 38.001(8) and could not obtain attorneys' fees. (*Id.*)

OPF now brings this suit for breach of contract and promissory estoppel against Evanston to try to recover the attorneys' fees and expenses that it incurred during the original declaratory judgment action. (Doc. 1 at 3.) Evanston, for its part, has filed a Motion to Dismiss and Motion for Judgment on the Pleadings. (Doc. 11.)

## II.   STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Wright & Miller, *Federal Practice & Procedure*, § 1367 at 509–10 (1990)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir.2000). "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

The line between Rule 12(b)(6) and Rule 12(c) is drawn when the pleadings close. "[A] [R]ule 12(b) motion must be filed before responsive pleadings." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). A Rule 12(c) motion, by contrast, "may only be filed after the close of pleading." *United States of America & State of Texas v. Auslin Radiological Association*, No. A-10-CV-914-LY, 2012 WL 12850249, at *1 n.1 (W.D. Tex. May 17, 2012). Most courts consider the pleadings to be closed "after the filing of the Plaintiffs' complaint and the Defendant's answer." *Marchan v. ORC Industries, Inc.*, No. CV B-08-442, 2009 WL 10694742, at *1 (S.D. Tex. Feb. 13, 2009). Here, Evanston has not yet filed its answer. Consequently, Evanston's Motion is properly styled as a Motion to Dismiss under Rule 12(b)(6), not a Motion for Judgment on the Pleadings under Rule 12(c).

### III.    ANALYSIS

OPF's Complaint sets out two primary grounds for relief. First, OPF alleges that Evanston breached the policy contracts by wrongfully denying coverage. (Doc. 1 at 3.) OPF's damages allegedly "include (without limitation) its attorney's fees and expenses in successfully litigating Evanston's wrongful denial[.]" (*Id.*) Second, OPF asserts that, under a theory of promissory estoppel, it relied on Evanston's promise to provide coverage by paying its premiums and so is due "reliance interest damages, including (without limitation) those damages necessary to restore Plaintiff to its former position . . . [such as] its attorney's fees and expenses in successfully litigating Evanston's wrongful denial of coverage." (*Id.* at 4) OPF also propounds two auxiliary claims for attorneys' fees resulting from this round of litigation. (*Id.*) OPF's legal bases for those claims are Chapter 38 of the Texas Civil Practice and Remedies Code, or in the alternative, "the contract (the Policies) between Plaintiff and Evanston." (*Id.*) Evanston, meanwhile, moves to dismiss all claims against it.

#### A.  Breach of Contract

OPF's primary claim against Evanston rests on a breach-of-contract theory. "The elements of a breach of contract claim are (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App. 2015) (internal citations omitted). Evanston's Motion does not appear to dispute the first three elements: namely, that there was a valid policy contract, that OPF fully performed by paying its premiums and notifying Evanston about Apache's claim, and that Evanston breached the contract when it denied coverage. Rather, Evanston argues that OPF fails to plead the damages element because attorneys'

fees are not cognizable damages in a breach-of-contract action, and that res judicata and the compulsory counterclaim doctrine bar OPF's claim.

1. Attorneys' Fees as Compensatory Damages

Evanston contends that OPF does not make out a necessary element of its breach-of-contract claim: damages. (Doc. 17 at 4.) In response, OPF claims that its attorneys' fees from the original declaratory judgment action are valid compensatory damages. Compensatory damages, after all, "are intended to make the plaintiff 'whole' for any losses resulting from the defendant's interference with the plaintiff's rights." *Haygood v. De Escabedo*, 356 S.W.3d 390, 394 (Tex. 2011) (internal citations omitted). Had Evanston fully and immediately performed under the insurance policies, OPF would not have had to defend against Evanston's declaratory judgment suit. OPF therefore asserts that it must obtain attorneys' fees to reach the same position that it would have occupied without Evanston's breach.

Texas law, however, does not support OPF's construction of attorneys' fees as compensatory damages: "While attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages." *In re Nalle Plastics Family Ltd. Partnership*, 406 S.W.3d 168, 173 (Tex. 2013). To wit, "suits cannot be maintained solely for the attorney's fees; a client must gain something before attorney's fees can be awarded." *MBM Financial Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 663 (Tex. 2009). This distinction between attorneys' fees and compensatory damages exists in the statutory scheme as well. Chapter 38 of the Texas Civil Practice and Remedies Code— under which OPF seeks its fees—provides for the recovery of attorneys' fees "in addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract." TEX. CIV.

PRAC. & REM. CODE ANN. § 38.001. Because attorneys' fees are only recoverable "in addition" to a valid claim, they must be auxiliary to an underlying substantive claim. Texas courts have therefore understood that "[t]o recover attorney's fees under § 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green International, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Standing alone, a claim that exclusively demands attorneys' fees is essentially no claim at all. If OPF's only damages are its prior attorneys' fees, then, it fails to state a necessary element of its breach-of-contract claim.

OPF, for its part, points to *In re Nalle Plastics* as "rejecting 'the idea that attorney's fees can never be considered compensatory damages.' " (Doc. 22 at 13.) But the Supreme Court of Texas made clear in the next few sentences of that opinion that the limited exception where attorneys' fees represent cognizable compensatory damages is cabined to situations where "the underlying suit concerns a claim for attorney's fees as an element of damages." *In re Nalle Plastic*s, 406 S.W.3d at 175 (emphasis in original). When the breach itself concerns a failure to pay attorneys' fees—as when the underlying contract specifically mandates the payment of such fees— those fees can properly be considered compensatory damages. But nothing in OPF's Complaint supports the idea that its underlying contracts with Evanston mandated the payment of fees for the declaratory judgment action. It therefore perverts *In re Nalle Plastics*—which explicitly states that attorneys' fees "are not, and have never been, damages"—to suggest that it supports OPF's argument that the attorneys' fees from Evanston's declaratory judgment action constitute cognizable compensatory damages.

OPF notes that from a policy perspective, ruling for Evanston permits the insurer to "make a wrongful decision to deny coverage, force [an] insured to incur over $100,000 in attorney's fees and expenses to defend against a declaratory judgment action seeking to leave the insured bare,

lose its declaratory judgment action, and not be held responsible in any way for its wrongful decision to deny coverage, despite leaving its insured over $100,000 in the hole." (Doc. 22 at 9.) That may be true, but this issue results from the law itself, not any improper application of the statutory scheme. Congress elected not to override the American Rule in the Federal Declaratory Judgment Act. *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). Consequently, attorneys' fees are generally not available in federal declaratory judgment actions barring "bad faith, vexation, wantonness, or oppression relating to the filing or maintenance of the action[.]" *Id.* OPF was therefore on notice as to the limited circumstances in which it could obtain attorneys' fees in a federal declaratory judgment action. Yet OPF never pleaded bad faith, vexation, wantonness, or oppression. The incentives that OPF identifies are permanently baked into the statutory cake.

OPF also ignored an alternative path for obtaining attorneys' fees in the original litigation. An insured party can file a breach-of-contract counterclaim in an insurer's declaratory judgment action. *National Liability & Fire Insurance Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014). If the insured party prevails on that counterclaim, it can then seek attorneys' fees under § 38.001(8). OPF, however, failed to bring a breach-of-contract counterclaim in the original lawsuit. Instead, OPF simply asserted that it was "undoubtedly the prevailing party" in a matter that "presents no differently than if OPF had brought suit first for breach of contract." (4:17-cv-02048, Doc. 54 at 2.) The magistrate judge, however, rejected this argument because proceeding as a defendant on a federal declaratory-judgment claim is fundamentally different from proceeding as a counter-plaintiff on a state-law breach-of-contract claim. (4:17-cv-02048, Doc. 60.) By failing to bring a breach-of-contract claim, then, OPF essentially acceded to the strictures of the Federal Declaratory Judgment Act. That Act contains no provision for attorneys' fees.

7

OPF's final counterargument is that it seeks more than just the attorneys' fees it incurred in defending against the declaratory judgment action. (Doc. 22 at 10.) OPF also argues that Evanston's denial of coverage forced it "to continue to incur attorney's fees and expenses out of its own pocket to defend against the claim and threat of litigation by Apache." (Doc. 22 at 13.) Texas courts have indeed held that attorneys' fees incurred in third-party litigation that are traceable to a defendant's wrongful act are recoverable as damages. *St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*, 917 S.W.2d 29, 62 (Tex. App. 1995), *aff'd in part, rev'd in part on other grounds*, 974 S.W.2d 51 (Tex. 1998). "Where the defendant's tort requires the plaintiff to act in the protection of his interests by bringing or defending an action against a third person, the plaintiff 'is entitled to recover compensation for the reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred.' " *McCall v. Tana Oil & Gas Corp.*, 82 S.W.3d 337, 344 (Tex. App.—Austin 2001) (citing Restatement (Second) of Torts § 914(b) (1977)).

Still, OPF's Complaint asserts no facts concerning its third-party defense against Apache. Rather, OPF notes only that "Plaintiff's damages include (without limitation) its attorney's fees and expenses in successfully litigating Evanston's wrongful denial of coverage." (Doc. 1 at 3.) This comes right after OPF asserts that "[i]n the course of successfully litigating Evanston's wrongful denial, OPF incurred in excess of $104,000.00 in attorney's fees and expenses." (*Id.*) Even interpreting the Complaint in the light most favorable to OPF, the language therein does not "put the defendant on notice" as to OPF's argument that it is also seeking expenses incurred in defending against Apache's third-party claim. *See Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 818 (5th Cir. 2020) (citing *Anderson v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008)). Until OPF's Surresponse, it says nothing about how it responded to Apache nor does it claim that the burden of that response properly fell on Evanston.

8

In sum, two problems plague OPF's breach-of-contract claim. First, OPF cannot cast its attorneys' fees from the previous federal declaratory judgment action as compensatory damages. Because this problem cannot be fixed, the Court grants Evanston's Motion to Dismiss as to OPF's claim for attorneys' fees from the original action and dismisses this claim with prejudice. Second, OPF's Complaint insufficiently pleads a claim for damages for its defense expenses vis-à-vis Apache. Theoretically, however, this claim could be cured with additional facts. Consequently, the Court grants Evanston's Motion to Dismiss as to OPF's expenses from its defense against Apache and dismisses this claim without prejudice. The Court gives OPF until October 26, 2021 to amend its Complaint with additional facts concerning its third-party defense against Apache.

    2.  <u>Res Judicata and the Compulsory Counterclaim Doctrine</u>

Evanston also tries to invoke res judicata and the compulsory counterclaim doctrine to challenge OPF's breach-of-contract claim. First, Evanston contends that OPF's claim is barred by res judicata because it was decided in the prior litigation. Second, Evanston posits that OPF's claim is barred as a compulsory counterclaim that should have been brought in the prior litigation.

Res judicata has four elements: "(1) that the parties are identical or in privity; (2) the prior judgment is rendered by a court of competent jurisdiction; (3) the prior action be concluded by a final judgment on the merits; and (4) the same claim is involved in both actions." *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The first three are satisfied here: (1) OPF and Evanston were the parties in the earlier action; (2) the prior judgment was properly rendered; and (3) the prior action ended in a final judgment on the merits. The fourth element, however, is not satisfied. Evanston initiated the earlier action under the Federal Declaratory Judgment Act, seeking a declaration that withholding coverage would not be a breach

of contract. There was no state-law breach-of-contract action in that case. Indeed, the magistrate judge specifically ruled that OPF could not claim attorneys' fees because "no breach of contract claim was ever asserted by either party." (4:17-cv-02048, Doc. 60.) Because the same claim is not involved in both actions—the previous action was a federal declaratory judgment action and the present one is a state-law breach-of-contract action—a rote application of res judicata does not prevent OPF from bringing its state-law breach-of-contract claim against Evanston.

Evanston's compulsory counterclaim argument, meanwhile, is rooted in Rule 13(a). Rule 13(a) requires a party to assert any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and does not require adding a party over whom jurisdiction cannot be asserted. FED. R. CIV. P. 13(a). A counterclaim is compulsory under Rule 13(a) "when '(1) . . . the issues of fact and law raised by the claim and counterclaim largely are the same; (2) . . . res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) . . . substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; [or] (4) . . . there is [a] logical relationship between the claim and the counterclaim.' " *N. Cypress Medical Center Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 207 (5th Cir. 2015) (citing *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992). "An affirmative answer to any of the four questions indicates the counterclaim is compulsory." *Plant v. Blazer Financial Services*, 598 F.2d 1357, 1360 (5th Cir. 1979).

Evanston points to *National Liability* to support its argument that OPF's breach-of-contract claim was compulsory. In *National Liability*, the Fifth Circuit held that an insured party acting as the defendant in a declaratory judgment action had standing to bring a counterclaim under Rule 13(a) because the counterclaim was "compulsory." 756 F.3d at 835–836. But this ostensibly clear

language is not so dispositive as Evanston suggests. *National Liability* preceded *ASARCO, L.L.C. v. Montana Resources, Inc.* 858 F.3d 949 (5th Cir. 2017). In *ASARCO*, the Fifth Circuit noted that the "declaratory relief exception" provides that "when it comes to claim preclusion, a request for declaratory relief neither giveth nor taketh away." *Id.* at 956. Under that exception, a claim for declaratory relief on its own "typically will not preclude future claims involving the same circumstances (as noted, issue preclusion may still apply to any declaration the court issues)." *Id.* After all, declaratory judgments often preface "later actions for damages or an injunction[.]" *Continental Casualty Co. v. Indian Head Industries, Inc.*, 941 F.3d 828, 835 (6th Cir. 2019). As a result, "applying ordinary claim preclusion to declaratory judgments" is inherently in tension with the Federal Declaratory Judgment Act. *Id.* Post-*ASARCO*, then, *National Liability* stands only for the proposition that a counterclaim *can* be brought in a declaratory judgment action, not that such a claim *must* be brought in that action. Otherwise, *National Liability* would be at loggerheads with *ASARCO*. Here, Evanston originally sued under the Federal Declaratory Judgment Act and neither Evanston nor OPF joined any coercive causes of action to the original claim. Consequently, OPF's breach-of-contract claim fits squarely within *ASARCO*'s declaratory relief exception. As a result, the claim was not a compulsory counterclaim in the prior action.

Evanston further argues that "the *ASARCO* exception . . . is only triggered if 'the parties in a later case [are] seeking additional relief in the form of damages or an injunction.' " (Doc. 11 at 7 (citing *Continental Casualty*, 941 F.3d at 836).) Evanston contends that the current case transcends the limits of *ASARCO*'s exception because in requesting attorneys' fees, OPF seeks neither damages nor an injunction. But "only" is not the Court of Appeals' word, it is Evanston's. *ASARCO* itself does not limit the nature of relief that must be sought, but instead states that the declaratory claim "typically will not preclude future claims involving the same circumstances."

858 F.3d at 956. What's more, OPF has made clear its intention to add allegations regarding its costs from defending against Apache's claim. So long as OPF follows through, its amended Complaint would not exclusively seek attorneys' fees from the declaratory judgment action.

Overall, then, OPF's breach-of-contract claim is not barred by res judicata, nor is it a compulsory counterclaim. Given that the Court grants OPF leave to add allegations about the damages that it incurred defending against Apache, Evanston's alternative argument for limiting the *ASARCO* exception is moot. As such, the Court rejects Evanston's argument for dismissal under res judicata or the compulsory counterclaim doctrine.

### B. *Promissory Estoppel*

In the alternative, OPF asserts a claim for promissory estoppel. (Doc. 1 at 4.) "The elements of a promissory estoppel claim are (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial detrimental reliance by the promisee." *Trevino & Assocs. Mechanical, L.P. v. Frost Nat. Bank*, 400 S.W.3d 139, 146 (Tex. App. 2013). "Generally, promissory estoppel is a viable alternative to breach of contract." *Id.* Promissory estoppel, however, "is not applicable to a promise covered by a valid contract between the parties." *Id*. "In other words, the doctrine of promissory estoppel may be invoked only where no contract on the subject matter exists." *Elite Center for Minimally Invasive Surgery, LLC v. Health Care Serv. Corp.*, 221 F. Supp. 3d 853, 863 (S.D. Tex. 2016); *see Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex. App. 2002) (reasoning that promissory estoppel applies only "to a promise outside the contract," and so "is not applicable to a promise covered by a valid contract").

A valid contract on the subject matter exists here. OPF itself contends that Evanston promised to "provide insurance coverage under the Policies." (Doc. 1 at 4.) OPF's theory of

promissory estoppel, then, seems to be that Evanston promised to perform on the policy contracts and failed to do so. But promissory estoppel "is not applicable to a promise covered by a valid contract between the parties." *Trevino & Assocs. Mechanical, L.P.*, 400 S.W.3d at 146. That alone precludes OPF's claim. Consequently, the Court grants Evanston's Motion to Dismiss as to OPF's promissory estoppel claim and dismisses it with prejudice.

### C. *Attorneys' Fees for this Round of Litigation*

OPF also seeks attorneys' fees for this round of litigation under Chapter 38. (Doc. 1 at 4.) "To recover attorney's fees under § 38.001, a claimant must . . . (1) plead and prevail on a claim for which attorney's fees are permitted under § 38.001, (2) be represented by an attorney, (3) present the claim to the opposing party or his agent, and (4) demonstrate that the opposing party did not tender payment within thirty days after the claim was presented." *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 383 (Tex. 2011). In this Order, however, the Court dismisses OPF's underlying substantive claims for breach-of-contract and promissory estoppel. OPF therefore cannot presently "prevail on a claim for which attorney's fees are permitted." *See id.* Consequently, the Court dismisses OPF's Chapter 38 claim for attorneys' fees without prejudice.

Alternatively, OPF claims that it is entitled to attorney's fees and expenses "pursuant to the terms of the contract (the Policies) between Plaintiff and Evanston." (Doc. 1 at 4.) But OPF directs the Court to no language in the policies supporting that assertion. And again, there are no remaining claims for OPF to prevail on in this litigation until OPF files an amended Complaint. Consequently, the Court dismisses OPF's contractual claim for attorneys' fees without prejudice.

\*\*\*

13

## IV.     CONCLUSION

For the reasons described above and as stated on the record at the October 6, 2021 hearing, the Court **GRANTS** Evanston's Motion to Dismiss OPF's breach-of-contract claim for attorney fees from the original federal declaratory judgment action and **DISMISSES** that claim **WITH PREJUDICE**; **GRANTS** Evanston's Motion to Dismiss OPF's breach-of-contract claim for expenses from defending against the Apache claim and **DISMISSES** that claim **WITHOUT PREJUDICE**; **GRANTS** OPF's Countermotion for Leave to Amend its Complaint and gives OPF until October 26, 2021 to amend its Complaint to add additional facts concerning its defense against Apache; **GRANTS** Evanston's Motion to Dismiss OPF's promissory estoppel claim and **DISMISSES** that claim **WITH PREJUDICE**; and, having dismissed the underlying substantive claims, **GRANTS** Evanston's Motion to Dismiss OPF's Chapter 38 and contractual attorney fee claims for this iteration of the litigation and **DISMISSES** those claims **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this 7th day of October, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE